UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HELEN C. ALLEN, ET AL                    CIVIL ACTION NO. 10-cv-1604

VERSUS                                   JUDGE HICKS

C & H DISTRIBUTORS, LLC, ET AL           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The Defendants in this case filed a third-party demand against two Taiwan business entities. One of them, Tung Dah Enterprise Co., Ltd. has filed an answer (Doc. 64) in which it represents that it did not ship the product at issue in this suit. The answer is signed by the chairman of the company, but he is not an attorney admitted to practice in this court. The Clerk of Court issued a Notice of Deficient Document that advised that an entity must be represented by an attorney. This order is now issued to provide additional information with regard to that issue.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Almost all courts have held that this statute "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993). The Fifth Circuit has long followed the rule that corporations, partnerships or other "fictional legal persons" cannot appear for themselves personally but must be represented by licensed counsel. Southwest Express Co. v. Interstate Commerce

Commission, 670 F.2d 53, 55 (5th Cir. 1982). See also Memon v. Allied Domecq Qsr, 385 F.3d 871, 873 (5th Cir. 2004); U.S. v. Trowbridge, 251 F.3d 157 (5th Cir. 2001); and KMA, Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1981).

There is no indication that the answer filed by Tung Dah Enterprise was signed by a person who is an attorney admitted to the bar of this court. The Fifth Circuit has affirmed a district court that struck defenses offered by an entity that purported to appear through a non-lawyer. Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984). But the Court suggested in Memon that a district court should expressly warn or formally order the entity to retain counsel before the court takes the harsh measures of striking pleadings or dismissing claims with prejudice. Memon, 385 F.3d at 874.

Tung Dah Enterprise is notified that its answer may be stricken and a default entered against it without further notice if Tung Dah Enterprise does not file an answer or motion to dismiss that is signed by a licensed attorney admitted to practice in the Western District of Louisiana. The deadline for making such a filing is **November 30, 2012**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of November, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE