UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| HELEN C. ALLEN, ET AL. | CIVIL ACTION NO. 10-1604 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| C & H DISTRIBUTORS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two Motions for Partial Summary Judgment. See Record Documents 71 & 72. The first motion was filed by Defendants C&H Distributors, LLC ("C&H"), K+K America Corporation ("K+K America"), and Travelers Property Casualty Company of America ("Travelers"). See Record Document 71. The second motion was filed by Defendants Ergocraft Contract Solutions ("ECS") and Great American Insurance Company ("Great American"). See Record Document 72.

In both motions, Defendants ask the Court to resolve legal issues relating to the law applicable to this case. See Record Documents 71 & 72. More specifically, they ask the Court to hold that Louisiana's law of pure comparative fault, and not solidary liability, applies to this Louisiana Products Liability Act ("LPLA") case. See id.

Plaintiffs Helen Allen and Robert Allen opposed the motions; yet, they concede that principles of comparative fault, without solidary liability, apply to cases governed by the LPLA. See Record Document 78. Plaintiffs seem to argue that the relief requested by Defendants is improperly sought under Federal Rule of Civil Procedure 56. See id. For the reasons which follow, the Motions for Partial Summary Judgment (Record Documents 71 & 72) are **GRANTED**.

## BACKGROUND[1]

Plaintiffs filed this action seeking damages for injuries Helen Allen allegedly suffered when a stool on which she was sitting broke and caused her to fall. See Record Document 72-1 at ¶ 1. Plaintiffs allege that a number of defendants were involved in manufacturing the allegedly defective stool, and they seek damages from them under the LPLA. See id. at ¶ 2.

Plaintiffs claim that Defendants C&H and K+K America labeled the stool as their own and held themselves out to be the manufacturers of the stool. See id. at ¶ 3; Record Document 1 at ¶ 15. Plaintiffs also allege that Defendant ECS had a part in manufacturing the stool because it had a tag under the seat indicating that it had been manufactured by ECS. See Record Document 72-1 ¶ 4; Record Document 1 at ¶ 11.

In their Answers, Defendants C&H, K+K America, Travelers, ECS, and Great American deny Plaintiffs' allegations. See Record Document 72-1 at ¶ 5; Record Document 3; Record Document 31. Defendants further assert that, to the extent Plaintiffs prove they have any liability for the alleged injuries, the defense of comparative negligence

---

[1]The instant motions present pure legal determinations. The Court need not, and has not, engaged in fact finding to decide the issues presented. The facts are referenced simply to frame the issues set forth in the motions.
   More specifically, the Court makes no determination as to the allocation of fault and no determination as to which defendants or third party defendants, if any, qualify as manufacturers under the LPLA. Instead, this Court will simply determine if comparative fault principles apply to the instant matter. See Record Document 81 at 4 ("Again, this misconstrues the relief sought by C&H. C&H seeks a partial summary judgment from the Court on the issue of the applicable law: whether pure comparative fault, without solidarity, applies between multiple parties who qualify as 'manufacturers' under the LPLA."); Record Document 82 at 4 ("ECS and Great American's motion simply asks the court to rule that comparative fault will be applied – not to apply it. The motion does not request a ruling as to the extent that fault with be allocated – only that it will.").

applies such that each party will be held liable only for the percentage of fault caused by that party. See Record Document 72-1 at ¶ 6; Record Document 3; Record Document 31. Defendants also filed Third Party Demands against Tung Dah Enterprise Co., LTD. ("TDE") and Sheng Xiang Steel Pipe Industrial Co., Ltd. ("SXS"). See Record Documents 55 & 58. TDE and SXS are two Taiwanese companies that Defendants contend were responsible for the design, fabrication, manufacture and/or assembly of the subject stool, ostensibly making them "manufacturers" under the LPLA. See id.

Plaintiffs now seem to concede that principles of comparative fault, without solidary liability, apply to cases governed by the LPLA. See Record Document 78 at 1. However, the record reflects that this legal issue was not always settled amongst the parties, as the Court set a date certain deadline in October 2012 for motion practice relating to comparative fault/solidary liability:

> **January 31, 2013**      **8(a). MOTION FOR PARTIAL SUMMARY JUDGMENT**
> – Issue: Whether manufacturers under Louisiana Products Liability Act are solidarily liable?

Record Document 67 at ¶ 8(a). Defendants timely filed the instant motions pursuant to this deadline.

## ANALYSIS

### I. Partial Summary Judgment Standard.

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment *or Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense--*or the part of each claim or defense*--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law.

F.R.C.P. 56(a) (emphasis added)[2]; see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[3] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.2002).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221

---

[2] The Advisory Committee Notes reflect that subsection (a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense" and "the common phrase 'partial summary judgment'" was added.

[3] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and Advisory Committee Notes.

F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

Here, Defendants ask for a pretrial determination of whether Louisiana's comparative fault regime, as compared to solidary liability, is applicable to the instant matter. In other words, Defendants are seeking a determination of the law applicable to this products liability case. See American Guarantee & Liability Ins. Co. v. Anco Insulation, Inc., Nos. 02-987A1, 02-990A1, 2005 WL 1865552, *5 (M.D.La. July 29, 2005). "Amended Rule 56(a) expressly contemplates pretrial adjudication of particular issues within a claim or defense on a motion for partial summary judgment." Sweet Lake Land & Oil Co. LLC v. Exxon Mobil Corp., No. 09-1100, 2011 WL 5825791, *3 (W.D.La. Nov. 16, 2011). Further, "pretrial adjudication of [Defendants' motions] would narrow and simplify the issues for trial." Id. Therefore, this Court will proceed to consider the merits of the motions, as it believes motion practice under Rule 56 is the proper vehicle for determining the applicability of Louisiana's comparative fault regime.[4]

---

[4]"Plaintiffs question exactly what relief [D]efendants may be entitled to under Rule 56" and note that "Rule 56 is not intended to deal with hypothetical issues." Record Document 78 at 1. They go on to argue that "[D]efendants are attempting to 'manufacture' an 'empty chair' defense"; that Defendants should be held to a strict level of proof under the circumstances; and that "there should be no holding that [D]efendants are only responsible to the extent of their "activity." Id. at 3. Plaintiffs seem to contend that the suitable "relief" for Defendants is for the Court to issue appropriate jury instructions concerning comparative fault:

> Plaintiffs' position is that the Court should decline to grant either of [D]efendants' MPSJs. A ruling on the wording on any jury interrogatories should more appropriately be based upon the evidence adduced at trial.

Id. at 5.

**II.    Louisiana's Comparative Fault Regime.**

Again, Defendants ask the Court to decide whether Louisiana's comparative law regime, and not solidary liability, applies to Plaintiffs' LPLA claims. In their opposition, Plaintiffs state:

> Movants ask the Court to hold that principles of comparative fault, without solidary liability apply to cases governed by the Louisiana Products Liability Act ("LPLA"). On this point, defendants are certainly correct.

Record Document 78 at 1. Yet, Plaintiffs still oppose the motions for partial summary judgment.

Conduct or circumstances that result in liability under the LPLA are "fault" within the meaning of Civil Code Article 2315. La. R.S. 9:2800.52. "Thus, liability as a manufacturer under the LPLA is delictual" in nature, i.e., a non-intentional tort. Allstate Ins. Co. v. Fred's, Inc., 44,508 (La.App. 2 Cir. 3/17/10), 33 So.3d 976, 981-982. Louisiana Civil Code Articles 2323 and 2324 clearly establish that pure comparative fault, with joint and several liability between the parties, applies in LPLA cases. Article 2323 provides, in pertinent part:

> A.    In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, . . . or that the other person's identity is not known or reasonably ascertainable. . . .
>
> B.    The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted *under any law or legal doctrine or theory of liability, regardless of the basis of liability.*

La. C.C. Art. 2323 (emphasis added). Article 2324 provides, in pertinent part:

> A.    He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

> B. If liability is not solidary pursuant to Paragraph A, then *liability for damages caused by two or more persons shall be a joint and divisible obligation.* A joint tortfeasor *shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person* for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, . . . or that the other person's identity is not known or reasonably ascertainable.

La. C.C. Art. 2324 (emphasis added).

Louisiana state courts and federal courts have routinely held that pure comparative fault applies to LPLA cases. See Kampen v. American Isuzu Motors, Inc., 157 F.3d 306, 315-316 (5th Cir. 1998); Broussard v. Procter & Gamble Co., 463 F.Supp.2d 596, 606 n. 8 (W.D.La. 2006); Holloway v. Midland Risk Ins. Co., 36,262 (La.App. 2 Cir. 10/30/02), 832 So.2d 1004, 1013; Hooker v. Super Products Corp., 98-1107 (La. App. 5 Cir. 6/30/99), 751 So.2d 889 (allocation of fault between three LPLA manufacturers of components of sewer cleanup truck). As to the specific application of comparative fault amongst multiple LPLA manufacturers, the Court finds Justiss Oil Co., Inc. v. T3 Energy Services, Inc., No. 07-01745, 2011 WL 539135 (W.D.La. Feb. 7, 2011), to be particularly instructive.

Justiss Oil was the owner and operator of an oil well and sued for damages arising out of a fracturing procedure gone awry, allegedly due to the failure of a defective well head component it had purchased from T3. See id. at *1. Under the LPLA, Justiss Oil filed suit against T3 as the seller and manufacturer of the well head component, and against various other parties up the production chain. See id. at *1-2. In the context of Justiss Oil's LPLA claim against T3, the court reasoned:

> Nonetheless, as discussed below, the point raised by T3 about its relative lack of actual culpability does provide it with a defense to damages, ***though on the basis of comparative fault—its share or allocation of fault for***

> ***Justiss' damages—not lack of proximate cause***.

Id. at *3 (emphasis added). The court went on to discuss the interplay of the LPLA and comparative fault in relation to Justiss Oil's damages:

> Louisiana has mostly abolished solidary liability, so judgment on the damages issue would also require us to determine T3's comparative share of Justiss' damages. We find that this is a genuine and disputed issue of material fact that we cannot resolve at this time. La. Civ.Code art. 2323.
> T3 indirectly raised this issue in its discussion of liability under the LPLA. It argued that, as it was arguably only the "apparent manufacturer" of the product its actions could not have caused the defect and ultimately Justiss' damages. As discussed, this assertion misunderstands the doctrines of both "apparent manufacturer" and proximate cause under the LPLA. It is relevant here, however, in determining comparative fault.
> That there is a tension between a strict products liability regime like the LPLA and the principle of comparative fault has not gone unnoticed. However, Louisiana law has long held that comparative fault may apply in strict products liability cases. Since Louisiana adopted its present comparative fault regime, such application is mandatory.
> The method for applying this doctrine in "apparent manufacturer" cases is best seen in the main case T3 discusses in its response memorandum, Chevron USA v. Aker Maritime, Inc., 604 F.3d 888 (5th Cir.2010). There, Chevron sued multiple "manufacturers" of a defective product. . . . More pertinent here, the court upheld the jury's allocation of fault, including 35% to the "apparent manufacturer" distributor and 65% spread among three other actual manufacturers, as a question of fact, not law, reviewable only as to whether "the evidence presented to the jury . . . is sufficient." Id. at 892.
> Applying that rule here, as discussed, numerous genuine issues of material fact remain open concerning Justiss' total damages and T3's comparative liability for those damages, and multiple additional alleged manufacturers remain in this suit as defendants whose comparative liability must likewise be determined.

Id. at *7 (some internal citations omitted).

Applying the principles set forth in Justiss Oil and further noting the Fifth Circuit's Chevron decision, wherein the appellate court upheld the jury's allocation of fault amongst an apparent manufacturer and three other actual manufacturers, this Court finds that pure comparative fault, with no solidary liability, applies to this LPLA case. To the extent that

Plaintiffs establish liability at trial, the defense of comparative fault/negligence will apply such that each party will be held liable only for the percentage of fault caused by that party.

## CONCLUSION

Defendants' Motions for Partial Summary Judgment are hereby **GRANTED**, as the Court finds that pure comparative fault, with no solidary liability, applies to this LPLA case. Accordingly, partial summary judgment is entered as follows:

1. Pure comparative fault principles, without solidary liability, are applicable in this case. "Fault" is to be allocated among all persons or parties whose conduct is shown to be causative of any damage to Plaintiffs, including other parties qualifying as "manufacturers" under the LPLA.

2. The liability of C&H, K+K America, and Travelers to Plaintiffs is limited to the extent that the evidence establishes that their activity with respect to the product at issue caused Plaintiffs' damages. Likewise, the liability of ECS and Great American to Plaintiffs is limited to the extent that the evidence establishes that their activity with respect to the product at issue caused Plaintiffs' damages.

3. The liability of C&H, K+K America, and Travelers to Plaintiffs is reduced by the extent to which the conduct of other parties, including "LPLA manufacturers," caused the damages. Likewise, the liability of ECS and Great American to Plaintiffs is reduced by the extent to which the conduct of other parties, including "LPLA manufacturers," caused the damages.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of August, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE