UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| HELEN C. ALLEN, ET AL. | CIVIL ACTION NO. 10-1604 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| C & H DISTRIBUTORS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Magistrate Appeal (Record Document 117) filed by Defendants C&H Distributors, LLC ("C&H"), K+K America Corporation ("K+K America"), and Travelers Property Casualty Company of America ("Travelers"). Defendants appeal from Magistrate Judge Hornsby's Electronic Order of May 6, 2014 (Record Document 113), wherein the court ruled on Plaintiffs' Motion to Compel and Defendants' Motion for Protective Order and/or to Quash Deposition Notice. Specifically, Magistrate Judge Hornsby allowed limited video depositions of Michael Snapper and Steve Makovec, stating:

> The video trial depositions of Michael Snapper and Steve Makovec, both of C&H, shall be allowed. After reviewing the parties' submission, as well as the scheduling order deadline for trial depositions, the best exercise of this court's discretion is to permit a limited video deposition [of] each witness. Each deposition shall be limited to no more than two hours of questioning by counsel for Plaintiffs, unless the parties agree otherwise.

Record Document 113. Plaintiffs opposed the Magistrate Appeal. See Record Document 121. For the reasons which follow, the Magistrate Appeal is **DENIED**.

Background

The instant Magistrate Appeal centers around the trial depositions, as compared to discovery depositions, of Michael Snapper and Steve Makovec, two C&H sales executives. The discovery deadline was set for January 8, 2014 and the trial deposition deadline was set for June 9, 2014. See Record Document 92 at ¶¶ 6 & 13. As to trial depositions, the

scheduling order provides that "[d]epositions to be used at trial in lieu of live testimony, whether of lay or expert witnesses, may be taken after the discovery deadline, but no later than this deadline, provided reasonable notice is provided to all parties." Id. at ¶ 13. Plaintiffs noticed the trial depositions of Michael Snapper and Steve Makovec on April 2, 2014. Plaintiffs' Motion to Compel and Defendants' Motion for Protective Order and/or to Quash Deposition Notice were filed followed shortly thereafter on April 25, 2014. See Record Documents 108 & 109. Magistrate Judge Hornsby issued his ruling on May 6, 2014. See Record Document 113. The limited trial depositions of Michael Snapper and Steve Makovec are now set for June 19, 2014.

Following the issuance of Magistrate Judge Hornsby's order on May 6, 2014, the parties requested a status conference. See Record Document 114. During the status conference, the parties waived trial by jury. See Record Documents 115-116. The jury trial date was upset and the trial was reset for September 15, 2014 as a bench trial. See id.

Legal Standard

The issues decided by Magistrate Judge Hornsby in his May 6, 2014 order relate to non-dispositive matters. These actions are not listed in 28 U.S.C. § 636(b)(1)(A) as dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's order was not a recommendation to the district court; rather, it is an order from a magistrate judge on non-dispositive matters that require the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). The Court reviews Magistrate Judge Hornsby's legal conclusion de novo, and reviews his

factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5th 2005).

Analysis

Defendants contend that Plaintiffs' request for the late depositions of Michael Snapper and Steve Makovec are under the guise of trial depositions, but are really pretext for Plaintiffs' failure to procure the depositions during the discovery period. Defendants argue they will be prejudiced by the taking of the two depositions because they will be forced to incur substantial expense for an unfair and potentially wasteful result and will be faced with potential prejudice in its pretrial preparation and trial strategy.

Conversely, Plaintiffs maintain the challenged depositions are true "trial depositions." They have listed Michael Snapper and Steve Makovec, the two C&H sales executives, as will call witnesses and intend to introduce their video depositions at trial. Michael Snapper and Steve Makovec do not reside within 100 miles of the place of trial and are beyond the subpoena power of the Court; therefore, the only manner for Plaintiffs to obtain the testimony of the witnesses is to proceed with their video depositions in Wisconsin.

This Court has reviewed all submissions and finds that Defendants misinterpret the applicability of the trial deposition deadline set forth in the scheduling order. In Alzuraqi v. Group 1 Automotive, Inc., No. 12-223, 2013 U.S. Dist. LEXIS 18792, *1 (N.D. Tex. Feb. 12, 2013), the court cited the Fifth Circuit's opinion in Charles v. Wade, 665 F.2d 661 (5th Cir. 1982) and reasoned:

> As correctly noted by Defendant, the Fifth Circuit in Charles concluded that the district court erred in denying a party the opportunity to depose a witness, who was unavailable for trial after the discovery period had ended, because the witness's testimony was not sought for discovery purposes but instead as a means of introducing the unavailable witness's testimony at trial. The court explained, "A party to a lawsuit obviously is entitled to present his

witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear [the] testimony."

<u>Id.</u> at *4 (internal citation omitted). Here, Plaintiffs seek to depose Michael Snapper and Steve Makovec as a means of introducing their testimony at trial and not for discovery purposes. It is undisputed that these witnesses appear on Plaintiffs' will call witness list and that they are outside the subpoena power of this Court. Thus, the undersigned concludes that Plaintiffs should be permitted to depose Michael Snapper and Steve Makovec for trial perpetuation purposes. Additionally, the Court finds that Defendants have not made an adequate showing of unfair prejudice to warrant a protective order and/or to quash the deposition notices.

<u>Conclusion</u>

The Court finds that Magistrate Judge Hornsby's Electronic Order permitting the video trial depositions of Michael Snapper and Steve Makovec was neither clearly erroneous nor contrary to law. Such order is hereby **AFFIRMED** in its entirety. The depositions of Michael Snapper and Steve Makovec shall proceed as scheduled and shall be limited as outlined in Magistrate Judge Hornsby's order. Accordingly,

**IT IS ORDERED** that Defendants' Magistrate Appeal (Record Document 117) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of June, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE