UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT

| | |
|---|---|
| HELEN C. ALLEN, ET AL. | CIVIL ACTION NO. 10-1604 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| C & H DISTRIBUTORS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

      Before the Court is a Supplemental Motion for Summary Judgment (Record Document 152) filed on behalf of Defendants C&H Distributors, LLC ("C&H"), K+K America Corporation ("K+K America"), Travelers Property Casualty Company of America ("Travelers"), Ergocraft Contract Solutions ("ECS"), and Great American Insurance Company ("Great American").  Defendants seek dismissal of the claims of Plaintiffs Helen and Robert Allen ("the Allens") on the ground of judicial estoppel.  See id.  The Allens opposed the motion and filed a supplemental affidavit.  See Record Documents 155 & 177.  For the reasons which follow, the Supplemental Motion for Summary Judgment is **GRANTED** based on the doctrine of judicial estoppel without prejudice to the rights of a Chapter 7 trustee to pursue the claims if the Allens' bankruptcy case is reopened and converted to a Chapter 7 liquidation.

## BACKGROUND[1]

The Allens filed this action on October 21, 2010 seeking damages for injuries Helen Allen allegedly suffered on October 21, 2009 when a stool on which she was sitting broke and caused her to fall. The Allens allege that a number of defendants were involved in manufacturing the allegedly defective stool, and they seek damages from them under the Louisiana Products Liability Act.

The Allens filed for Chapter 13 bankruptcy on July 14, 2009. Their original Chapter 13 plan was confirmed on September 29, 2009. The Chapter 13 plan was administered by the Bankruptcy Court for almost 4 years. During such time, the Allens received relief from creditors, paying $150 per month toward multiple debts.

The Allens never disclosed the existence of this personal injury suit to the Bankruptcy Court. They filed amendments to their bankruptcy plan multiple times while this suit was pending. Such amendments occurred on January 11, 2011; December 19, 2011; and January 17, 2013. None of these amendments disclosed this suit to the Bankruptcy

---

[1] Defendants submitted a Statement of Undisputed Material Facts (Record Document 152-1). Local Rule 56.2 states:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

The Allens did not file a separate statement of disputed material facts. Based on Fifth Circuit case law and the local rules, this Court deems Defendants' Statement of Undisputed Material Facts admitted. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Thus, much of the Background Section of the instant Memorandum Ruling is drawn from Defendants' Statement of Undisputed Material Facts.

Court.

In June 2013, the Allens filed for discharge. The Bankruptcy Court entered a Final Decree in April 2014, finding that the estate has been fully administered and relieving the trustee from further duties. The Bankruptcy Court then closed the Chapter 13 case without a discharge, noting that the Allens failed to file a Financial Management Course Certificate proving compliance with the required instructional course concerning personal financial management. This failure precluded any further relief or discharge.

On June 12, 2014, the Allens responded to written discovery propounded in the case by C&H, K+K America, and Travelers. In response to C&H's Interrogatory Number 21, the Allens denied having ever filed for bankruptcy. In response to C&H's Interrogatory Number 11, which concerned their involvement in any other legal proceeding, the Allens did not disclose their bankruptcy. The Allens did not disclose the bankruptcy in their May 30, 2014 response to Ergocraft's Interrogatory Number 13 and Request for Production M, both of which concerned the Allens' involvement in other legal proceedings.

The bench trial in this matter was set for September 15, 2014. See Record Document 139. On September 2, 2014, Defendants filed a Joint Motion for Leave to File Late Supplemental Motion for Summary Judgment. See Record Document 150. Defendants indicated that they had learned on August 24, 2014 that the Allens had filed for Chapter 13 bankruptcy. See id. The Court upset the bench trial, granted leave, and the Supplemental Motion for Summary Judgment is now before the Court. See Record Documents 151 & 152.[2]

---

[2]Counsel for Defendant Ergocraft and Great American now admits that he knew of the bankruptcy as early as March 28, 2012. See Record Document 163 at 13. There is

**ANALYSIS**

**I.   Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[3] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

---

no indication that counsel for C&H, K+K America, and Travelers knew of the bankruptcy prior to August 2014. The Allens raised this timeliness issue in a Motion to Strike the Supplemental Motion for Summary Judgment. See Record Document 166. The Court denied such motion, believing judicial estoppel needed to be addressed before the case moved forward and noting that judicial estoppel is a doctrine that can be raised by the Court on its own. See Record Document 175; see also Grigson v. Creative Artists Agency L.L.C., 210 F.3d 524, 530 (5th Cir. 2000) ("Judicial estoppel is not raised; but, because that doctrine protects the judicial system, we can apply it *sua sponte* in certain instances.").

[3]The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and advisory committee's note (emphasis added).

If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

**II.    Judicial Estoppel.**

Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position. See Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir.1988). The equitable doctrine serves "to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999) (internal quotation marks, parentheses, and citation omitted). Detrimental reliance by the opponent of the party against whom the doctrine is applied is

not necessary, as judicial estoppel is meant to protect the judicial system, not the litigants. See id.

"Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." In re Flugence, 738 F.3d 126, 129 (5th Cir. 2013). In the bankruptcy setting, "the obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Specifically, "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action." Flugence, 738 F.3d at 129.

### III.   Analysis.

The threshold question here is whether judicial estoppel bars the Allens from pursuing their personal injury suit in this Court. The Allens argue that the application of judicial estoppel "should be guided by a sense of fairness" and is unwarranted in this instance because their failure to disclose was "benign, inadvertent neglect;" the nondisclosure was attributable to their counsel; and they "simply had no idea that the filing of a bankruptcy petition has any relationship whatsoever with this suit." Record Document 155 at 3-4, 15. The Allens have submitted an affidavit stating that they did not intentionally conceal assets and "if [they] had been aware that the legal claims arising out of the incident of October 21, 2009 should have been added into their Chapter 13, [they] would have done so." Record Document 177. The Allens further point to Defendants' "unclean hands" as a basis to defeat the application of judicial estoppel. See Record Document 155 at 6-12.

More specifically, as to the first and third element of judicial estoppel, the Allens

argue:

> [T]his personal injury claim did not exist when the debtors filed their bankruptcy petition. The debtors did have a continuing duty to disclose post-petition causes of action and negligently failed to do so. There is no showing that the debtors had any intent whatsoever to mislead anyone. The only showing that can be made is that the plaintiffs/debtors are unsophisticated and were unaware that this cause of action had to be disclosed, once it had accrued after the filing of their petition.

Record Document 155 at 15. As to the second element of judicial estoppel, the Allens maintain that "the bankruptcy court neither accepted nor rejected" their position because "there was no discharge granted nor have any proceeds from this suit been received." Id. at 15.

The Court will now consider the elements of judicial estoppel.

<u>The Party Against Whom It Is Sought Has Asserted a Legal Position That Is Plainly Inconsistent with a Prior Position</u>

The Allens admit that they did not list this suit as an asset in their bankruptcy proceeding. Their positions in the bankruptcy court and in the instant litigation are clearly inconsistent. "It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. The duty to disclose is continuous." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004), citing Coastal Plains, 179 F.3d at 207-208.[4] Thus, under Coastal Plains, the Allens' omission of the personal injury claim from their mandatory

---

[4] A Chapter 13 debtor has a continuing obligation to disclose claims that arise, or assets that are acquired, after the commencement of the bankruptcy case. See 11 U.S.C. §§ 1306(a)(1) and 521(a)(1). Therefore, the Allens were under a continuing duty from and after the date the personal injury claim arose to promptly disclose the existence of the personal injury claim to the Bankruptcy Court and their creditors. See Kane v. Nat'l. Union Fire Ins. Co., 535 F.3d 380, 384-385 (5th Cir. 2008), citing 11 U.S.C. §521(a)(1); Coastal Plains, Inc., 179 F.3d at 207-208 (5th Cir. 1999).

bankruptcy filings is tantamount to a representation that no such claim existed. See Coastal Plains, 179 F.3d at 210. Now, in this matter, the Allens contend that their lawsuit is viable and worth over $75,000. Such inconsistency readily satisfies the first prong of the judicial estoppel inquiry. See Superior Crewboats, 374 F.3d at 335.

A Court Accepted the Prior Position

The Allens argue that the bankruptcy court neither accepted nor rejected their position because there was no discharge. This Court is not so convinced. The Allens' bankruptcy case was on the Bankruptcy Court's docket for nearly 5 years. The Allens amended their bankruptcy plan three times while the instant suit was pending. The Bankruptcy Court confirmed their Chapter 13 plan and plan modifications proposed by the Allens on the assumption that the schedules were accurate and that the Allens had truthfully disclosed all of their assets. See Flugence, 738 F.3d at 130 ("Moreover, the bankruptcy court accepted the prior position by omitting any reference to the personal-injury claim in the modified plan."); Abreu v. Zale Corp., No. 3:12-CV-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013) ("Courts have consistently held that a bankruptcy court accepts a debtor's position when it relies on her asset schedules and confirms her bankruptcy plan. This reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan."). The record establishes that the Bankruptcy Court relied on the Allens' nondisclosure at several critical times during the pendency of the case, and each time accepted the failure to disclose to the detriment of creditors.[5] Thus, the Court finds that the second element for

---

[5]The fact that the Allens' bankruptcy case was closed without discharge due to their failure to file a required form certifying the completion of a financial course does not affect

judicial estoppel is satisfied.

The Party Did Not Act Inadvertently

"[A] debtor's failure to satisfy [his] statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Superior Crewboats, 374 F.3d at 335, citing Coastal Plains, 179 F.3d at 210. Neither consideration exculpates the Allens in this instance.

The Allens' position that they were ignorant of the law and/or had no knowledge fails. Clearly, the Allens had knowledge of their personal injury claims because they filed these instant lawsuit while their bankruptcy case was still pending. See Lejeune v. Turner Indus. Grp., LLC, No. CIV.A. 11-1238, 2012 WL 1118631, at *4-6 (E.D. La. Apr. 3, 2012) *aff'd sub nom.*, Parker v. Turner Indus. Grp., L.L.C., 492 F. App'x 475 (5th Cir. 2012) ("Thus, a plaintiff is duty-bound to disclose a claim any time that he is aware of the facts giving rise to a potential cause of action, irrespective of his knowledge of the law."). Moreover, as to motivation, it is well settled in the Fifth Circuit that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." Love v. Tyson Foods, Inc., 677 F.3d 258, 262 (5th Cir. 2012); see also Flugence, 738 F.3d at 131 ("Flugence knew of the facts underlying her personal-injury claim. The bankruptcy court also found that she had motive to conceal, because her claim, if disclosed, would be available to the creditors. That she did not know that bankruptcy law required disclosure–even if true– is, according to our precedents, irrelevant."). Therefore,

---

the application of judicial estoppel. See Lisiecki v. Bank of Am., N.A., No. 08-12380, 2009 WL 1438550, at *4 (E.D. Mich. May 19, 2009).

the Allens' arguments on the issue of inadvertence are uniformly rejected by binding precedent.

## CONCLUSION

Based on the foregoing analysis, the Defendants' Supplemental Motion for Summary Judgment (Record Document 152) is **GRANTED** and the Allens' claims are **DISMISSED** on the ground of judicial estoppel. Such dismissal is **WITHOUT PREJUDICE** to the rights of a Chapter 7 trustee to pursue the claims if the Allens' bankruptcy case is reopened and converted to a Chapter 7 liquidation. See Reed v. City of Arlington, 650 F.3d 571, 579 (5th Cir. 2011) ("Absent unusual circumstances, an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action that the debtor–having concealed that asset during bankruptcy–is himself estopped from pursuing.").

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of March, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE