UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HELEN C. ALLEN                                    CIVIL ACTION NO. 10-cv-1604

VERSUS                                            JUDGE HICKS

C & H DISTRIBUTORS, LLC, ET AL          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Helen Allen alleged that she was injured at work when a stool collapsed beneath her. Her employer, the State of Louisiana, paid worker's compensation benefits.  Allen and her husband filed a tort suit in this court against the parties who are alleged to be the manufacturers of the stool.  The Allens were represented by attorney David Turansky.

The court held that the Allens were judicially estopped from asserting their claims because they had not disclosed them in a bankruptcy proceeding.  A bankruptcy trustee reopened the bankruptcy case and, within that proceeding, settled the claims of the estate by accepting $20,000.  Defendants paid another $20,000 to the State to reimburse it for worker compensation benefits. Neither the Allens nor Turansky received anything.

Defendants and the Trustee filed with this court a Joint Motion and Order to Dismiss (Doc. 192) the tort suit.  The motion stated that all  claims had been settled.  Mr. Turansky opposed the dismissal and filed a Motion for Award of *Moody* Fees and to Stay Dismissal (Doc. 194), which is now before the court.  Turansky asked the court to award him a portion

of the settlement funds as compensation for his efforts that kept the claims alive over the course of several years. For the reasons that follow, it is recommended that Turansky's motion be denied and that the Joint Motion and Order to Dismiss (Doc. 192) be granted.

**Background Facts**

Helen Allen alleges that she was injured at work in October 2009 when the stool she was sitting on broke apart. She and her husband had filed a Chapter 13 bankruptcy proceeding a few months earlier, in July 2009, and their plan was confirmed prior to the accident. After the accident, however, the Allens amended their plan three times, but they did not disclose the personal injury claim.

The Allens, represented by attorney David Turansky, filed this diversity suit in October 2010 against the alleged manufacturers of the stool and their insurers. The State of Louisiana, which had paid more than $200,000 in worker's compensation benefits and medical payments, moved for leave to intervene in this suit to claim reimbursement from any proceeds of the personal injury action. This court denied the motion to intervene, noting that allowing the State to intervene would destroy the court's diversity jurisdiction and give rise to the risk that the Allens and the State would be left with no federal suit and a serious timeliness issue that could bar any effort to file a new suit in state court. The court suggested that the State and the Allens reach an arrangement by which the State's worker's compensation interest would be protected without the State formally intervening, and those parties did reach such an agreement.

Mr. Turansky handled the litigation, including some contentious discovery issues, over the next several years, with little to no assistance from the State.  Shortly before trial, Defendants filed a motion for summary judgment and argued that the Allens were judicially estopped from asserting their personal injury claims because they never disclosed the claims to the bankruptcy court.  Judge Hicks granted the motion.  The Allens appealed the decision to the Fifth Circuit, where Mr. Turansky led the appellate efforts.  Turansky encouraged the State to file a brief or appear for the argument, but the State did nothing.  A member of the appellate panel noted its absence.  The Fifth Circuit affirmed, but with the modification that this district court "may re-open the present case and substitute a Chapter 7 trustee for the Allens if the trustee decides to pursue the claim within a reasonable period of time."  Allen v. C&H Distributors, LLC, 813 F.3d 566, 575 (5th Cir. 2015).

Mr. Turansky immediately began emailing and prodding the Chapter 13 Trustee and the United States Trustee for prompt action, lest this court determine that a reasonable time had passed without action.  He eventually succeeded in persuading the United States Trustee to take an interest in the matter.  The Trustee filed a motion to convert the case from Chapter 13 to Chapter 7.  The bankruptcy court granted that motion but requested additional briefing because of concerns that the post-petition cause of action might not be considered property of the Chapter 7 estate upon conversion.  See Doc. 189.

John Clifton Conine was appointed as Chapter 7 Trustee for the converted case.  He filed a motion with this court to have himself, as Chapter 7 Trustee for the Allen estate, substituted as plaintiff.  That motion was granted.  Docs. 190 & 191.

Several weeks later, Conine presented to the bankruptcy court a motion for authorization to enter into a compromise agreement. Doc. 198, Exhibit 2. The motion set forth the history of the case and the concerns about whether the post-petition tort claim belonged to the estate, which could mean that neither the Trustee nor the Allens would have the right to pursue the claims in this suit. The Trustee stated that the defendants had made two settlement proposals, the first of which the Trustee preferred. That proposal was that the defendants pay $40,000 to resolve all claims of the bankruptcy estate and the State of Louisiana, with the funds allocated equally between them.

The service information for the motion indicates that it was mailed to Helen Allen and some of the defense counsel in the case, but there is no indication it was sent to Mr. Turansky. The bankruptcy court, noting that there were no objections, entered an order that approved the proposed settlement, subject to the State's agreement to sign a release. The State, which filed a claim in the bankruptcy proceedings for more than $280,000, accepted the $20,000 to resolve its claim. Doc. 198, Exhibit 5. Turansky did not file a claim or otherwise appear in the bankruptcy proceeding, and he received nothing.

**Analysis**

Employees such as Mrs. Allen are sometimes injured at work due to the fault of a third person. The employee is able to collect worker's compensation benefits because the injury was incurred during the course and scope of her employment, and she is also able to pursue a tort claim against the third party. Louisiana law provides that the worker's compensation insurer and the employee are co-owners of the tort claim against the third party. The

employee's attorney typically carries the load in the tort case, with the compensation carrier

sitting on the sidelines.

The Supreme Court of Louisiana, in Moody v. Arabie, 498 So.2d 1081 (La. 1986),

held that the worker's compensation carrier must bear an equitable portion of the tort

plaintiff's attorney fees when the carrier has intervened to seek reimbursement of the benefits

it paid.  The rule was intended to prevent the compensation carrier from getting a free ride

on the plaintiff's attorney's efforts.

The Moody rule is now found in La. R.S. 23:1103(C).  The statute provides that if

either the employer or employee intervenes in a third-party suit filed by the other, the

intervenor shall be responsible for a share of the reasonable legal fees and costs incurred by

the attorney for the plaintiff, which portion shall not exceed one-third of the intervenor's

recovery.  The amount of the fees shall be determined by the court based on the proportionate

services of the attorneys that benefitted or augmented the recovery from the third party.  Mr.

Turansky argues that this statute entitles him to payment of reasonable fees, which he

assesses at one-third, of the amounts paid to both the State and the bankruptcy estate.  He

asks this court to order those distributions.

The Moody statute provides a means for an injured party to require her compensation

carrier (the State) to share in the attorney fees for the litigation.  It does not, however, provide

authority for this court to order the bankruptcy estate to pay a fee to the attorney for the

debtors who are no longer parties and who are estopped from recovering anything in this

lawsuit. The settlement paid to the estate was approved within the bankruptcy court based

on the Trustee's application.  The State, although it is not a party to this district court case,

filed a claim and received compensation through that process.  Mr. Turansky did not pursue

any claim within the bankruptcy proceedings, but that was the appropriate forum to assert

any claim that he had against the estate.[1]  Mr. Turansky complains that he was never given

notice of the relevant bankruptcy proceedings and proposed settlement.  If so, that may

provide him a means of seeking a remedy from the bankruptcy court even though the

settlement has already been approved.  The undersigned expresses no opinion on that issue,

but any effort to obtain funds that were part of the bankruptcy court approved settlement

must be obtained with the approval of the bankruptcy court and through the legal procedures

relevant to those proceedings.

Furthermore, to the extent Mr. Turansky seeks a portion of the State's recovery, this

court would not have jurisdiction to hear the claim even if there were no bankruptcy

proceeding that affected the matter.  The State is not a party to this case.  Even if it were, the

court would not have subject-matter jurisdiction to hear a claim for fees by a Louisiana

attorney against the State of Louisiana for an amount less than $75,000.  Griffin v. Lee, 621

F.3d 380, 387-88 (5th Cir. 2010), citing  Kokkonen v. Guardian Life Ins. Co. of Am., 114

---

[1] Mr. Turansky is arguably in a situation similar to a former attorney for a personal injury plaintiff. Louisiana law allows the former attorney to intervene in the former client's suit.  Brown v. ANPAC Louisiana Ins. Co., 95 So.3d 1165 (La. App 4th Cir. 2012).  He can then be reimbursed for his services on a quantum merit basis.  The fee should be apportioned between the former and current attorneys according to their respective services and contributions and other relevant factors.  Boutte v. ABC Ins. Cos., 811 So.2d 30 (La. App. 4th Cir. 2002).

S.Ct. 1673 (1994).  The court does not have supplemental or similar jurisdiction to resolve such fee disputes, which require an independent basis for subject matter jurisdiction.  Id.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Award of Moody Fees and to Stay Dismissal (Doc. 194)** be **denied** and that the **Joint Motion and Order to Dismiss (Doc. 192)** be **granted**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October,

2016.

Mark L. Hornsby
U.S. Magistrate Judge